SOMMERVILLE, J.
The judges of the Court of Appeal, First Circuit, state of Louisiana, at the request of the defendants in this cause, and pursuant to section 6 of Act No. 198 of the General Assembly of this state, approved July 11, 1912, p. 392, have entered the following order in the case:
“It is ordered that the entire record, together with the opinion and decree of this court, be *821 immediately transmitted to the Honorable Supreme Court of Louisiana.”
The suit was brought by Helaire Vidrine in the Sixteenth judicial district court for the parish of Evangeline, against Robert Dupre and the members of the Democratic Executive Committee of the town of Ville Platte, alleging that he and Dupre were nominees for the office of marshal at a primary election held February 11, 1915; that he was regularly returned as the nominee at said primary; that no contest or protest was filed by any one, and especially by Robert Dupre, but that the Democratic committee of said town had, contrary to law, disregarded the returns of the commissioners of election, and had proceeded to count the ballots, and had arbitrarily declared Dupre to be the nominee at said primary. He further declared that the emoluments of the office under consideration, for the term of said office, was more than one thousand and less than two thousand dollars. He asked that the action of the committee be declared ultra vires, and without effect.
There was judgment in favor of plaintiff, and defendants appealed to the Court of Appeal. The judgment of the district court was there affirmed. And that court has, on the application of defendants, transmitted the entire record, together with the opinion and decree of the court, to this court.
The Court of Appeal in sending the record to this court refers, as its authority for so doing, to that portion of section 6 of Act 198 of 1912, at page 392, which reads as follows:
“Whenever either party shall so desire and request, after judgment, the Court of Appeal shall immediately transmit the entire record to the Supreme Court which court shall immediately proceed to hear and review such case as if it had been regularly ordered up for review, and to pronounce thereon without delay.”
[1 ] The jurisdiction of the Supreme Court of Louisiana is fixed in the Constitution of the state, as is the jurisdiction of the courts of appeal throughout the state. Article 85 of the Constitution declares that the Supreme Court, except as thereinafter provided, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases where the matter in dispute, or the fund to be distributed, whatever may be the amount claimed, shall exceed two thousand dollars, exclusive of interest. And article 98 of the Constitution provides that Courts of Appeal, except as otherwise provided in the Constitution, shall have appellate jurisdiction where the matter in dispute or the fund to be distributed shall not exceed two thousand dollars exclusive of interest.
Both courts are given appellate jurisdiction in certain causes regardless of the amounts involved, and the Supreme Court is given appellate jurisdiction in certain criminal cases, and original jurisdiction in some other cases.
In this case, the Court of Appeal had appellate jurisdiction, and it finally disposed of the case. This court was and is without appellate jurisdiction therein.
In addition to their appellate jurisdiction, the Supreme Court have full control and supervision over all inferior courts. Article 94. And the court, or any member thereof, has the power to issue writs of certiorari, prohibition, mandamus, quo warranto, and other remedial writs in aid of such control and supervisory power. But inferior courts cannot invoke this supervisory power or demand those remedial writs; such must be applied for by litigants to the Supreme Court or to any member thereof.
By the terms of article 101, the judges of the Courts of Appeal may certify any question or proposition of law arising in a cause pending before them to the Supreme Court, asking for instructions with reference thereto ; and the Supreme Court may give instructions on the questions or propositions certified to them, or they may require that the whole record be sent up for their consideration.
*823 Article 101 also provides that:
“It shall be competent for the Supreme Court to require by certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for its review and determination, with the same power and authority in the case, as if it had been carried directly by appeal to the said court; provided, that the Supreme Court shall in no case exercise the power conferred on it by this article, unless the application be made to the court, or to one of the justices thereof, not later than thirty days after the decision of the Court of Appeal has been rendered and entered.”
It is seen under the paragraph last quoted, that the Supreme Court is prohibited from reviewing a final judgment of a Court of Appeal, by certiorari or otherwise, unless application be made to the court, or to one of the justices thereof, to do so. It is not only without power to review and determine a cause finally decided by a Court of Appeal, but it is prohibited from doing so, except on the application of one of the parties to the suit. The judges of said Courts of Appeal have no constitutional authority, after final -judgments in the eases in such courts, to voluntarily send up or to transfer decided cases to the Supreme Court, to be there reviewed. They may only certify questions of law before judgment.
The right to issue writs of certiorari or review, or other writs, directed to the Courts of Appeal is reserved to the Supreme Court alone.
[2] And the attempt of the Legislature, in section 6, p. 392, of the Acts of 1912, to confer the right upon the Courts of Appeal to transfer decided cases, whether they be election cases or others, involving two thousand dollars or less, to the Supreme Court, is violative of the constitutional provisions before quoted, and the act, to that extent, is null and void.
The Constitution fixes the jurisdiction of the courts of the state, including the Supreme Court, and as the Legislature cannot change the Constitution, it cannot confer jurisdiction where the Cofistitution has not given it.
It is therefore ordered that the record, with the opinion and decree of the Court of Appeal of the First Circuit of the state of Louisiana in this case be returned to said Court of Appeal.