MONROE, C. J.
Plaintiff brought suit in the district court for the parish of Iberville, contesting defendant’s nomination, in the Democratic primary, to membership on the school board from the eighth ward of the parish, which suit was dismissed upon an exception of prematurity (having been instituted prior to the “official promulgation of the result of the election”); and, the judg *975 ment having been affirmed by the Court of Appeal, the “entire record” has been transmitted, or brought, to this court, by the appellant or his counsel, for a review and reversal of the ruling so made, under the supposed authority of a provision of section 6 of Act 210 of 1920 (being an act amending and re-enacting certain sections of the primary election law — Act 35 of 1916), which provision (referring to cases such as this, appealed to, and decided by, the Courts of Appeal) reads as follows:
“That no application for rehearing shall be entertained, but the courts may correct manifest errors to which their attention may be called, upon their own motions; and, whenever either party shall so desire and request, after judgment, the Court of Appeal shall immediately transmit the entire record to the Supreme Court, which court shall immediately proceed to hear and review such case and to pronounce thereon as if it had been regularly ordered for review.”
Counsel for defendant “moves the court to dismiss from its docket the record filed herein and order the return thereof to the Court of Appeal,” on the grounds that the case was appealed to that court and decided by it in the exercise of its appellate jurisdiction; that thereafter, as mover is informed, appellant, through counsel, applied for an order that the record be transmitted to this court, which order was denied, whereupon, without any order from that court, or this, or notice to the appellee or his counsel, counsel for appellant obtained the record, upon the order of one of the clerks of the court a qua, and lodged it in this court; that this court is without jurisdiction, ratione materias, and the attempt to have it exercise either its appellate or its supervisory jurisdiction in this matter is unauthorized and violative of article 101 of the' Constitution and of this court’s rules and decisions; that, so far as it may appear to be authorized by section 25 of Act 35 of 1916, as amended by Act 210 of 1920, these statutes are in contravention of the same article; and that, in any event, the filing of the record in this court comes too late, more than five days having elapsed after the rendition of the judgment by the Court of Appeal.
Among various loose papers lodged in the clerk’s office, as constituting the “record,” we find a letter, addressed by one clerk to another, containing a request that the record in question be delivered to plaintiff’s counsel. We also find a petition, addressed to the Court of Appeal by the same counsel, asking that the court transmit the record to this court; but there is nothing to show that the request was granted, and we assume that counsel for defendant was correctly informed that no order to that effect was made by the Court of Appeal.
[1, 2] It will be seen from the foregoing that plaintiff has not brought himself within the provision of the Act of 1920, upon the supposed authority of which he invokes the jurisdiction and action of this court, since it reads:
“The Court of Appeal shall * * * transmit the entire record to the Supreme Court.”
And it is not only not shown that the Court of Appeal made any order to that effect, but it would seem to be a fair inference that it declined to do so, since no order is indorsed on plaintiff’s petition, or elsewhere to be found among the papers, constituting or included in what has been brought here as the record, and, that being the case, it is clear that, whatever view we may entertain as to the constitutionality of the pro-, vision in question, this court is vested with no jurisdiction of a case of which we have no information, other than that a number of papers, purporting to be the record thereof, have been lodged in the clerk’s office, with no authority therefor from this or any other court, or from the law. The situation is *977 about the same as would be that of a case ] appealed to this court and taken up on a motion to dismiss for lack of an order of appeal, and upon the further ground that the statute purporting to confer the right of appeal was unconstitutional, in which case the finding that there was no order for the appeal would stay further inquiry, since it would require the dismissal of the appeal, whether the statute granting the right of appeal were constitutional or otherwise, and that issue would become at once immaterial and inaccessible. In the instant case the record, in contemplation of law, has not been lodged in this court, and the court cannot take cognizance of its contents. If the plaintiff herein was of opinion that the Court of Appeal erred in refusing to make the desired order, his remedy was by mandamus.
Our conclusion is that, the lodging of the record in question in this court having been unauthorized, it should be returned to the court whence it was brought.
And it is so ordered.