(88 South. 234)

No. 24511.

## HENDRICKS v. BARTNESS.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

Courts ⊜≈488(1) — On rescission of order transmitting case from Court of Appeal, proceedings will be dismissed.

After decision by the Court of Appeal the record of the case was transmitted by the Court of Appeal to the Supreme Court. Thereafter the Court of Appeal rescinded its order transmitting the case and filed the rescinding order in the Supreme Court, and thereafter appellant applied to the Supreme Court for writs of certiorari and review, under Const. art. 101, which were denied. *Held*, that the case was before the Supreme Court without an order of either the Supreme Court or the Court of Appeal, and the proceedings would be dismissed.

Appeal from Court of Appeal, Second Circuit.

Election contest by B. R. Hendricks against U. S. Bartness. From judgment for plaintiff, defendant appealed to the Court of Appeal, which affirmed in part and reversed in part and, on request of defendant's counsel, transmitted the record to the Supreme Court, but later rescinded its order transmitting the case, and defendant applied for writs of certiorari and review, which were denied. Proceedings dismissed.

Foster, Looney & Wilkinson, of Shreveport, for plaintiff.

Long & Long and Barnette & Roberts, all of Shreveport, for defendant.

O'NIELL, J. This is a contest of the nomination of a candidate for the office of mayor of the town of Cedar Grove, by primary election. Plaintiff was a candidate for the nomination. The district court rendered judgment annulling the nomination, not only of the candidate for mayor, but also of the candidates for other municipal offices, who were not parties to the suit. On appeal, the Court of Appeal affirmed the judgment against the candidate for mayor and set aside the judgment against the other nominees. On the request of counsel for the defendant, claiming the nomination for the office of mayor, the Court of Appeal transmitted the record to this court, under the supposed authority of section 6 of Act 210 of 1920 (p. 345), being an amendment and re-enactment of section 25 of Act 35 of 1916. Thereafter the judges of the Court of Appeal remembered that the section of the statute referred to had been declared unconstitutional by this court in the case of Vidrine v. Dupre, 136 La. 820, 67 South. 893. The Court of Appeal therefore immediately rescinded its order transmitting the case to this court and filed the rescinding order here.

There is no doubt or dispute that the Court of Appeal was warranted, by the decision referred to, in rescinding its order transferring the case to this court. After the order of transfer was rescinded, the defendant, candidate for mayor, made application to this court for writs of certiorari and review, under article 101 of the Constitu-

tion, and the relief prayed for was denied. The case is therefore before us without authority of an order of either this court or the Court of Appeal. Under the circumstances, we are constrained to dismiss the proceedings at the cost of the defendant, candidate for mayor. Schaeffer v. Templet, 147 La. 974, 86 South. 413.

The proceedings herein are dismissed, at the cost of the defendant, U. S. Bartness.